UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINQUE ZAFIR CASEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. BROWN, et al.,<br><br>　　　　Defendants. | No. 1:23-cv-01068-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed October 26, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On March 27, 2020, at 0804 hours, officers Castillinos, Godfrey, Duran and Cruz hand and ankle cuffed Plaintiff following a dispute about Plaintiff's phone call. While in cuffs, face down on the ground, officers Cruz, Duran and Castillinos stomped and kicked Plaintiff while officer Godfrey held Plaintiff's legs. Officer Veith then stopped over Plaintiff and poured water from the toilet on Plaintiff's head and face multiple times. Veith then hit Plaintiff with the cup on his head and face multiple head and face. Plaintiff could not breath. Officers Cruz, Duran and Castillinos then continued to kick, stomp and punch Plaintiff. Officers Cruz and Duran then dragged Plaintiff out of the cell by his legs. Castillinos kicked Plaintiff in the face causing Plaintiff to bleed while being dragged. Moments later the tower cop Medina who opened the cell

door for the officers in the beginning of the incident, pressed the alarm. While being dragged, Plaintiff saw his neighbor, officer Bess and officer Diaz. While still being dragged across the hallway, Plaintiff saw sergeant Brown running toward him. Brown did not stop Plaintiff from being dragged. Instead, Plaintiff was dragged until he was next to a holding cage. Officers Cruz and Duran stopped dragging Plaintiff, let go of his legs and walked to sergeant Brown's office. Plaintiff laid there in a puddle of blood. Officer Godfrey grabbed Plaintiff by the legs, twisted and leaned on them and said, "that's what you get!"

Plaintiff seeks $555,000 from each Defendant, declaratory relief, and transfer to a different prison.

## III.

## DISCUSSION

### A.   Excessive Force/Failure to Intervene

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

A prison official may be liable under section 1983 if he is aware that a fellow officer is violating a prisoner's constitutional rights but fails to intervene. See Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.") (quoting United States v. Koon, 34

F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81, 116 (1996)). To state a cognizable Eighth Amendment claim based on a failure to protect, a prisoner must reasonably allege that the named defendant knew of but disregarded an excessive risk to plaintiff's health or safety. Farmer, 511 U.S. at 837. There must be evidence which shows that a defendant acted with a "sufficiently culpable state of mind." Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842 (citations omitted).

Construed liberally and assuming the validity of Plaintiff's allegations, Plaintiff states a cognizable excessive force claim against officers Cruz, Castillinos, Veith, Duran, Godfrey, and a cognizable failure to intervene claim against sergeant Brown, Bess, and Diaz.[1]  However, Plaintiff does not state a cognizable claim against Defendant Medina as he alleges only that opened his cell door at the beginning of the incident and later "pressed the alarm."

### B. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

---

[1] The Court liberally construes Plaintiff's allegations that Defendants Bess and Diaz observed him being dragged by other officers and failed to intervene.

4

**C.     Further Leave to Amend**

In the Court's prior two screening orders, the Court identified the same or very similar deficiencies in Plaintiff's prior complaints, provided Plaintiff with the relevant legal standards, and allowed Plaintiff to amend his complaints. Plaintiff filed his second amended complaint with the benefit of the Court's screening orders but failed to cure the deficiencies identified by the Court and further leave to amend would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Accordingly, the Court will recommend that further leave to amend be denied.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's excessive force claims against Defendants Cruz, Castillinos, Veith, Duran, Godfrey and failure to intervene claims against Defendants Brown, Bess, and Diaz; and

2. All other Defendants be dismissed from the action for failure to state a cognizable claim for relief, without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

5

within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 21, 2023**

UNITED STATES MAGISTRATE JUDGE